IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH PAUL BELL,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )
                                 )   Civil Action No. 14-959
CAROLYN W. COLVIN,               )
ACTING COMMISSIONER              )
OF SOCIAL SECURITY,              )
                                 )
            Defendant.            )

OPINION

AND NOW, this 14th day of September, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Acting Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and . . . the [Acting Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB application on January 22, 2012, alleging disability beginning on July 20, 2011, due to a heart condition, fatigue, obesity and joint pain. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on March 29, 2013, at which plaintiff, who was represented by counsel, appeared and testified. On April 5, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 6, 2014, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 44 years old on his alleged onset date, which is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as an air conditioning repairman, maintenance supervisor and maintenance worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of non-sustained ventricular tachycardia, mild restrictive respiratory defect, obesity and syncope, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work, but he is precluded from bending at the waist to the extremes of the range of motion. In addition, plaintiff is restricted from climbing or working at exposed heights. Finally, he is unable to operate a motor vehicle or other dangerous machinery (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an information clerk, ticket counter, document preparer or telephone quote clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the ALJ did not properly consider the opinion of plaintiff's treating physician and the consultative examining physician; (2) as a result, the RFC Finding does not adequately account for all of plaintiff's limitations; (3) the ALJ improperly evaluated plaintiff's credibility; and (4) the hypothetical question posed to the vocational expert was incomplete. The court finds no merit to plaintiff's contentions concerning the ALJ's consideration of plaintiff's treating physician's opinion[2] or evaluation of his credibility.[3] However, we conclude that the ALJ

---

[1] Residual functional capacity is that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1). In assessing one's residual functional capacity, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

[2] Plaintiff argues that the ALJ did not properly consider the opinion of his treating cardiologist, Dr. Dean Wolz, that he needs to lie down for three hours during the work day. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). Under this standard, the ALJ properly determined that Dr. Wolz's opinion was entitled to little weight because, as the ALJ explained, it was inconsistent with plaintiff's benign cardiac workup and his pulmonary function testing which showed only a mild restrictive defect. (R. 23).

[3] The ALJ evaluated plaintiff's credibility consistent with the Regulation by considering plaintiff's own statements about his symptoms and limitations, his activities of daily living, the medical evidence of record, the extent of plaintiff's treatment and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the

did not explain why he gave the consultative examiner's opinion great weight yet failed to incorporate part of his assessment into the RFC Finding, which also could impact the accuracy of the hypothetical question that was posed to the vocational expert. Accordingly, for reasons which we explain below, the case must be remanded to the Acting Commissioner for additional consideration at step 5 of the sequential evaluation process.

In making the RFC Finding, the ALJ relied on the opinion of consultative examining physician Dr. Mohamed Abul-Ela, which the ALJ gave great weight. (R. 23). As part of Dr. Abul-Ela's opinion, he assessed plaintiff's ability to perform various postural activities and found that plaintiff could never bend, kneel, stoop or crouch. (R. 376). Despite giving Dr. Abul-Ela's opinion great weight, plaintiff argues that the ALJ failed to include in the RFC Finding a limitation precluding him from kneeling, stooping and crouching.

The Third Circuit Court of Appeals has observed that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." Wilkinson v. Commissioner of Soc. Sec., 558 Fed. Appx. 254, 256 (3d Cir. 2014). Although an ALJ is not bound to accept all aspects of an opinion he gives significant weight, he nevertheless must provide some explanation for discounting certain evidence. See Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (although the ALJ may weigh the credibility of the evidence when making an

---

extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 22). We find that the ALJ adequately explained the basis for his credibility determination, (R. 21-23), and are satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

RFC determination, "he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."); Plummer v. Apfel, 186 F.3d at 429 ("[t]he ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.").

While the ALJ certainly was not required to adopt all of the postural limitations identified by Dr. Abul-Ela, he was obligated to at least provide some explanation for his decision to do so. Absent any such explanation, this court is unable to discern whether it was appropriate for the ALJ to discount plaintiff's inability to kneel, stoop and crouch as found by Dr. Abul-Ela.

As a result of the ALJ's failure to explain why he rejected Dr. Abul-Ela's finding that plaintiff can never kneel, stoop and crouch, despite otherwise giving his opinion great weight, the court is unable to assess whether the RFC Finding adequately accommodated all of plaintiff's limitations. Consequently, we also are unable to determine whether the ALJ's hypothetical question to the vocational expert accounted for all of the his resulting functional limitations supported by the medical evidence. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

On remand, the ALJ must revisit his findings at step 5 of the sequential evaluation process. In particular, the ALJ must provide adequate explanation why he accepted the majority of Dr. Abul-Ela's opinion but failed to account for plaintiff's inability to kneel, stoop and crouch. If the ALJ is unable to explain why he rejected those findings by Dr. Abul-Ela, or if he indicates that he simply overlooked them, he must account for plaintiff's limitation in those areas in making the RFC Finding. In that event, the ALJ must pose a hypothetical question to the vocational expert which incorporates his modifications to the RFC Finding for plaintiff's inability to perform those postural activities.

⁂AO 72
(Rev. 8/82)

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Christine M. Nebel, Esq.
220 South Main Street
Suite D
Butler, PA 16001

Michael Colville
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219